## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

JESSICA BETZ, SALLY CZARNECKI,
JENNIFER WOJCIESKI, DENISE DEROSIA,
and ENEIDA JOHNSON, Individually and on
Behalf of All Others Similarly Situated,

           Plaintiffs,

    v.

KOHN LAW FIRM, S.C., MIDLAND CREDIT
MANAGEMENT, INC. and MIDLAND
FUNDING, LLC,

           Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 17-cv-1478

**CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

### INTRODUCTION

1.      This class action seeks redress for collection practices that violate the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA") and the Wisconsin Consumer

Act, Chs. 421-427, Wis. Stats.

### JURISDICTION AND VENUE

2.      The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15

U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that

Defendant directed its collection efforts into the District.

### PARTIES

3.      Plaintiff Jessica Betz is an individual who reside in the Eastern District of

Wisconsin (Milwaukee County).

4.      Plaintiff Sally Czarnecki is an individual who reside in the Eastern District of

Wisconsin (Milwaukee County).

5.      Plaintiff Jennifer Wojcieski is an individual who reside in the Eastern District of Wisconsin (Milwaukee County).

6.      Plaintiff Denise Derosia is an individual who reside in the Eastern District of Wisconsin (Milwaukee County).

7.      Plaintiff Eneida Johnson is an individual who reside in the Eastern District of Wisconsin (Milwaukee County).

8.      Each Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family, or household purposes, namely a credit card debt.

9.      Each Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that the alleged debt allegedly arose from consumer transaction that included agreements to defer payment, namely a consumer credit card.

10.      Defendant Kohn Law Firm, S.C. ("Kohn") is a Wisconsin law firm with its principal offices located at 735 North Water Street, Suite 1300, Milwaukee, WI 53202.

11.      Kohn is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

12.      Kohn is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes. Kohn is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

13.      Defendant Midland Credit Management, Inc. ("MCM") is a foreign corporation with its principal place of business located at 3111 Camino Del Rio North, Suite 103, San Diego, CA 92108.

2

14. MCM is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

15. MCM is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Midland is a debt collector as defined in 15 U.S.C. § 1692a.

16. Defendant Midland Funding, LLC ("Midland Funding") is a limited liability company with its principal place of business located at 3111 Camino Del Rio North, Suite 103, San Diego, CA 92108.

17. Midland Funding is engaged in the business of a collection agency under Wisconsin law, in that it purchases and receives assignment of consumer debts that are in default at the time Midland Funding acquires them.

18. Wis. Stat. § 427.103(3) defines debt collector as: "any person engaging, directly or indirectly, in debt collection, and includes any person who sells, or offers to sell, forms represented to be a collection system, device or scheme, intended or calculated to be used to collect claims. The term does not include a printing company engaging in the printing and sale of forms." (emphasis added). On its face, Wis. Stat. § 427.103(3) applies to creditors collecting on their own behalf.

19. Wis. Stat § 427.103(2) states: "Debt collection" means any action, conduct or practice of soliciting claims for collection or in the collection of claims owed or due or alleged to be owed or due a merchant by a customer."

20. Midland Funding is a "merchant" as defined in the WCA, as it has, or claims to have, taken assignment of Plaintiff's former "Synchrony Bank" ("Synchrony") consumer credit card account. Wis. Stat. § 421.301(25) ("The term [merchant] includes but is not limited to a

3

seller, lessor, manufacturer, creditor, arranger of credit and any assignee of or successor to such person.")

21.     The Western District of Wisconsin has noted: "Unlike the FDCPA, the Wisconsin Consumer Act does not provide exceptions to its general definition of a debt collector." *Hartman v. Meridian Fin. Servs.*, 191 F. Supp. 2d 1031, 1048 (W.D. Wis. 2002).

22.     The Wisconsin Department of Financial Institutions has likewise designated merchants and creditors as "Debt Collectors" under the WCA:

> Anyone attempting to collect a debt arising from a consumer credit transaction in Wisconsin, whether a merchant doing its own debt collecting or a third-party debt collector, must follow Wisconsin's debt collection law, Ch. 427, Wis. Stats. This is an important point because many merchants collecting debt owed directly to them mistakenly believe that they are exempt from Wisconsin's debt collection law because they are not included within the definition of "debt collector" under the federal Fair Debt Collection Practices Act.

https://www.wdfi.org/wca/business_guidance/creditors/debt_collection/.

23.     Midland Funding uses attorneys, including Kohn, to collect allegedly defaulted debts that have been assigned to Midland Funding. Midland Funding uses both ordinary collection methods such as mail and telephone communications, and also civil lawsuits, in its collection business.

24.     A company meeting the definition of a "debt collector" (here, Midland Funding) is vicariously liable for the actions of a second company collecting debts on its behalf. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325-26 (7th Cir. 2016) (assignees who are "debt collectors" are responsible for the actions of those collecting on their behalf); *citing Pollice*, 225 F.3d at 404-05.

25.     Midland Funding is a debt collector as defined in Wis. Stat. § 427.103(3).

## FACTS

### *Betz Letter*

26.    On or about May 1, 2017, Kohn mailed a letter to Robin and Melanie Betz, the brother and sister-in-law of Plaintiff Betz, requesting the recipients to verify the residency status of Plaintiff. A copy of this letter is attached to this complaint as <u>Exhibit A</u>.

27.    Upon information and belief, <u>Exhibit A</u> is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

28.    Upon information and belief, <u>Exhibit A</u> was mailed in connection with the collection a debt allegedly owed by Plaintiff Betz, assigned to Kohn by a third-party creditor.

29.    Upon information and belief, any debt owed to a third-party creditor by Plaintiff Betz would have been incurred for personal, family, or household purposes.

30.    <u>Exhibit A</u> is printed on Kohn's letterhead:



KOHN LAW FIRM S.C.
ATTORNEYS AT LAW

735 N. Water St., Suite 1300
Milwaukee, WI 53202-4106

(414) 276-0435  (800) 451-1791
Fax (414) 271-6046
Email KLF@kohnlaw.com
www.kohnlaw.com

31.    <u>Exhibit A</u> includes the following statement:

Your cooperation is greatly appreciated and all information will be kept completely confidential. I have enclosed a self-addressed and postage-paid envelope for your reply.

### *Czarnecki Letter*

32.    On or about May 8, 2017, Kohn mailed a letter to Adel Czarnecki, the mother of Plaintiff Czarnecki, requesting the recipient to verify the residency status of Plaintiff. A copy of this letter is attached to this complaint as <u>Exhibit B</u>.

5

33.     Upon information and belief, Exhibit B is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

34.     Exhibit B is substantially identical to Exhibit A, except that Exhibit B does not include Kohn's law firm letterhead.

35.     Upon information and belief, Exhibit B was mailed in connection with the collection a debt allegedly owed by Plaintiff Czarnecki, assigned to Kohn by a third-party creditor.

36.     Upon information and belief, any debt owed to a third-party creditor by Plaintiff Czarnecki would have been incurred for personal, family, or household purposes.

37.     Exhibit B includes the same language, representing that "all information will be kept completely confidential," as in Exhibit A.

### *Wojcieski Letter*

38.     On or about June 15, 2017, Kohn mailed a letter to David Simon, who is Plaintiff Wojcieski's landlord, requesting the recipient to verify the residency status of Plaintiff Wojcieski. A copy of this letter is attached to this complaint as Exhibit C.

39.     Exhibit C is of the same form as Exhibit B, with the information specific to Plaintiff inserted by computer.

40.     Upon information and belief, Exhibit C was mailed in connection with the collection a debt allegedly owed by Plaintiff Wojcieski, assigned to Kohn by a third-party creditor.

41.     Upon information and belief, any debt owed to a third-party creditor by Plaintiff Wojcieski would have been incurred for personal, family, or household purposes.

42.     Exhibit C includes the same language, representing that "all information will be kept completely confidential," as in Exhibit A.

### *Derosia Letter*

43.     On or about September 6, 2017, Kohn mailed another letter to "The Sisters of St. Francis Assisi" requesting the recipient to verify the employment status of Plaintiff Derosia. A copy of this letter is attached to this complaint as Exhibit D.

44.     Upon information and belief, Exhibit D is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

45.     Upon information and belief, Exhibit D was mailed in connection with the collection a debt allegedly owed by Plaintiff Derosia, assigned to Kohn by a third-party creditor.

46.     Upon information and belief, any debt owed to a third-party creditor by Plaintiff Derosia would have been incurred for personal, family, or household purposes.

47.     Exhibit D includes the same language, representing that "all information will be kept completely confidential," as in Exhibit A.

### *Johnson Letters*

48.     On or about April 23, 2016, Kohn mailed a debt collection letter to Plaintiff Johnson regarding an alleged debt owed to "Midland Funding LLC." A copy of this letter is attached to this complaint as Exhibit E.

49.     Upon information and belief, the alleged debt identified in Exhibit E is a credit card debt, used only for personal, family, or household purposes.

50.     Upon information and belief, Exhibit E is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

7

51.     Upon information and belief, <u>Exhibit E</u> is a form debt collection letter used by Kohn to attempt to collect alleged debts.

52.     <u>Exhibit E</u> lists a "Charge-Off Balance" of $2,570.56.

53.     <u>Exhibit E</u> lists "Post Charge-Off Interest Accrued" as $0.00.

54.     <u>Exhibit E</u> lists "Post Charge-Off Fees Accrued" as $167.50.

55.     <u>Exhibit E</u> thus lists a "Current Balance" of $2,738.06.

56.     Both Kohn and Midland Funding, however, lack any legal authority impose any "Post Charge-Off Fees" on Plaintiff Johnson's account.

57.     Any purchases made with a personal credit card account were "consumer credit transactions" under the WCA, Wis. Stat. §§ 421-427.

58.     Wis. Stat. § 421.301(10) defines a "consumer credit transaction":

> a consumer transaction between a merchant and a customer in which real or personal property, services or money is acquired on credit and the customer's obligation is payable in installments or for which credit a finance charge is or may be imposed, whether such transaction is pursuant to an open-end credit plan or is a transaction involving other than open-end credit. The term includes consumer credit sales, consumer loans, consumer leases and transactions pursuant to open-end credit plans.

59.     Credit card transactions are, by definition, "transactions pursuant to open-end credit plans." Wis. Stat. § 421.301(27)(a).

60.     The WCA specifically prohibits the attachment of collection fees and other "default charges" on consumer credit transactions, even if the fee is separately negotiated. Wis. Stat. § 422.413(1) provides:

> [N]o term of a writing evidencing a consumer credit transaction may provide for any charges as a result of default by the customer other than reasonable expenses incurred in the disposition of collateral and such other charges as are specifically authorized by chs. 421 to 427.

*See also Patzka v. Viterbo College*, 917 F. Supp. 654, 659 (W.D. Wis. 1996).

8

61. Neither Wis. Stat. § 422.202, entitled "Post Charge-Off Fees," nor any other section of the WCA, lists such collection fees as a permissible fee a creditor may charge in connection with a consumer credit transaction.

62. Even if a provision of any agreement between Plaintiff Johnson and the original creditor would purport to permit Kohn to impose a collection fee, the WCA prohibits such fees. Wis. Stat. § 421.106(1) ("Except as otherwise provided in chs. 421 to 427, a customer may not waive or agree to forego rights or benefits under chs. 421 to 427."); *See also Lox v. CDA, Ltd.*, 689 F.3d. 818 (7th Cir. 2012) (false representation that attorney fees would be added when they could not be, violated 1692e).

63. Because credit card transactions are consumer credit transactions, Exhibit E, by representing additional "Post Charge-Off Fees Accrued," falsely states or implies that Kohn had a right to add collection fees to the debt.

64. By representing additional "Post Charge-Off Fees Accrued," Exhibit E attempts to collect an amount not permitted by law and threatens to enforce a right that Kohn knew or had reason to know does not exist.

65. The alleged debt has been charged off by the original creditor, Synchrony Bank. There are no fees that could conceivably be added to Plaintiff's alleged debt.

66. On or about November 2, 2016, MCM mailed a debt collection letter to Plaintiff Johnson regarding the same alleged debt owed to "Midland Funding LLC." A copy of this letter is attached to this complaint as Exhibit F.

67. Upon information and belief, Exhibit F is also a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

68. Upon information and belief, Exhibit F is also a form debt collection letter used by MCM to attempt to collect alleged debts.

69. Contrary to Exhibit E, Exhibit F lists the "Current Balance" of the debt as $2,570.56.

70. Exhibit F also contains the following settlement offers:

| | You Pay Only |
|---|---|
| **Option 1: 40% OFF**<br>Payment Due Date: 12-02-2016 | **$1,542.33** |

| | 6 Monthly Payments of Only |
|---|---|
| **Option 2: 20% OFF**<br>First Payment Due Date: 12-02-2016 | **$342.74** |

| **Option 3: Monthly Payments As Low As:** | **$50 per month†** |
|---|---|
| † Call today to discuss your options and get more details. | |

71. Exhibit F also indicates that the consumer may "Save up to $1,028.22."

72. Exhibit F thus misstates the actual maximum discount available based on the settlement offers included in the letter. The settlement offer of $1,542.33 listed as "Option 1" provides a discount of $1,028.23.

73. Plaintiff Johnson was confused by Exhibit E and Exhibit F.

74. The unsophisticated consumer would be confused by Exhibit E and Exhibit F.

75. Plaintiff Johnson had to spend time and money investigating Exhibit E and Exhibit F.

76. Plaintiff Johnson had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit E and Exhibit F.

10

## THE FAIR DEBT COLLECTION PRACTICES ACT,
## 15 U.S.C. § 1692 ET SEQ.

77.    The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). It is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt. *Mace v. Van Ru Credit Corp.,* 109 F.3d 338 (7th Cir. 1997); *Baker v. G.C. Services Corp.,* 677 F.2d 775, 777 (9th Cir. 1982); *McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir. 1992). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

78.    The Seventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of an "unsophisticated consumer." *Avila v. Rubin,* 84 F.3d 222, 227 (7th Cir. 1996); *Gammon v. GC Services, LP,* 27 F.3d 1254, 1257 (7th Cir. 1994). The standard is an objective one—whether the plaintiffs or any class members were misled is not an element of a cause of action. *Bartlett v. Heibl,* 128 F.3d 497, 499 (7th Cir. 1997). "The question is not whether these plaintiffs were deceived or misled, but rather whether an unsophisticated consumer would have been misled." *Beattie v. D.M. Collections Inc.,* 754 F. Supp. 383, 392 (D. Del. 1991).

79.    Because it is part of the Consumer Credit Protection Act, 15 U.S.C. §§ 1601 *et seq.*, the FDCPA should be liberally construed in favor of the consumer to effectuate its purposes. *Cirkot v. Diversified Fin. Services, Inc.,* 839 F. Supp. 941, 944 (D. Conn. 1993).

> The [Consumer Credit Protection] Act is remedial in nature, designed to remedy what Congressional hearings revealed to be unscrupulous and predatory creditor practices throughout the nation. Since the statute is

remedial in nature, its terms must be construed in liberal fashion if the underlying Congressional purpose is to be effectuated.

*N.C. Freed Co. v. Board of Governors,* 473 F.2d 1210, 1214 (2d Cir. 1973).

80.     Statutory damages are recoverable for violations, whether or not the consumer proves actual damages. *Baker,* 677 F.2d at 780-1; *Woolfolk v. Van Ru Credit Corp.,* 783 F. Supp. 724, 727 and n. 3 (D. Conn. 1990); *Riveria v. MAB Collections, Inc.,* 682 F. Supp. 174, 177 (W.D.N.Y. 1988); *Kuhn v. Account Control Tech.*, 865 F. Supp. 1443, 1450 (D. Nev. 1994); *In re Scrimsher*, 17 B.R. 999, 1016-7 (Bankr. N.D.N.Y. 1982); *In re Littles,* 90 B.R. 669, 680 (Bankr. E.D. Pa. 1988), *aff'd as modified sub nom. Crossley v. Lieberman,* 90 B.R. 682 (E.D. Pa. 1988), *aff'd,* 868 F.2d 566 (3d Cir. 1989).

81.     The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S.

App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

82.     Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

83.     15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

84.     15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

85.     15 U.S.C. § 1692c(b) generally prohibits most communications with third parties:

(b) **Communication with third parties**
Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

86.     15 U.S.C. § 1692b(5) requires, in turn, that communications with third-parties "not use any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt."

### *FDCPA Violations*

87.     The statement in Exhibits A-D that "all information will be kept completely confidential," is false.

88.     Kohn is requesting the information in Exhibits A-D for the purpose of engaging in collection activities, including sending dunning letters, placing phone calls to debtors, and regularly filing lawsuits against consumers.

89.     Any information provided pursuant to Exhibits A-D – particularly the debtor's home address or place of employment – would not be kept confidential. Rather, Kohn would use it to communicate directly with the debtor and for the purposes of collection, sometimes including serving lawsuits and garnishment.

90.     Far from being kept confidential, the information that Kohn obtains from letters in the forms of Exhibits A-D is frequently included in public filings, such as complaints, affidavits of service, or notices of earnings garnishments. Such information would ultimately be available to anyone in the world with internet access on the Wisconsin Circuit Court Access ("CCAP") website if a lawsuit is filed.

91.     Additionally, Exhibit A includes a letterhead, bearing the name "Kohn Law Firm S.C." and including Kohn's website – www.kohnlaw.com.

92.     Kohn's website states:

All modern economies depend greatly upon the extension of credit.  However, lenders cannot extend credit unless they are confident in their ability to enforce

14

their collection rights. For over 55 years, the Kohn Law Firm has been assisting creditors in exercising those rights, including the use of legal remedies when necessary. We have been extremely successful in doing so, repeatedly winning the highest accolades from clients across the nation. But in addition to such client recognition, we are also proud of our positive relationships with consumer reporting agencies, state financial agencies, the consumer bar and the consumers themselves.

*See* https://www.kohnlaw.com/Home.aspx (last visited October 3, 2017).

93.     The website clearly indicates that Kohn is in the debt collection business and thus that Exhibit A was mailed in connection with the collection of a debt.

94.     The unsophisticated consumer the Milwaukee area, and especially those who have fallen behind on alleged debts, has likely had contact from Kohn and would know that Kohn is a debt collection law firm.

95.     A search of CCAP reveals that Kohn's collection practice is a high-volume practice, litigating thousands of cases. For example, a search under the bar number of attorney Kirk R. Emick, the Kohn attorney who signed three of the exhibits in this action, and who was admitted to the bar in May 2016, returned 681 small claims cases and 118 civil (non-small claims) cases statewide.

96.     Moreover, upon information and belief, the number of class members who received the same form debt collection letters from Kohn (Exhibits A-D) exceeds the number of collection lawsuits that Kohn filed.

97.     The unsophisticated consumer viewing Exhibits A-D would know, perhaps instantly, that the letter was sent in connection with the collection of a debt.

98.     Additionally, by representing additional "Post Charge-Off Fees Accrued," Exhibit E falsely states or implies that Kohn had a right to add collection fees to the debt when Kohn was not legally permitted to do so.

15

99.     Finally, Exhibit F misstates the actual maximum discount available based on the settlement offers included in the letter.

## COUNT I – FDCPA

100.    Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

101.    Count I is brought against Defendant Kohn.

102.    Count I is brought on behalf of Plaintiffs Betz, Czarnecki, Wojcieski, and Dorosia.

103.    Exhibits A-D includes the false statement that "all information will be kept completely confidential."

104.    In fact, any information provided in response to Exhibits A-D would be used for collection purposes and potentially, publicly disclosed in a public filing which would be available worldwide on the internet.

105.    Kohn therefore violated 15 U.S.C. §§ 1692e and 1692e(10).

## COUNT II - FDCPA

106.    Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

107.    Count II is brought against Defendant Kohn.

108.    Count II is brought on behalf of Plaintiff Betz.

109.    Exhibit A identifies the sender as Kohn.

110.    Exhibit A indicates that Kohn is in the debt collection business that the communication was in connection with the collection of a debt.

111.     Through letters in the form of Exhibit A, Kohn has communicated with third parties and disclosed the existence of alleged debts.

112.     Kohn therefore violated 15 U.S.C. §§ 1692b(5) and 1692c(b).

### COUNT III - FDCPA

113.     Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

114.     Count III is brought against Defendant Kohn.

115.     Count III is brought on behalf of Plaintiff Johnson.

116.     By representing additional "Post Charge-Off Fees Accrued, Exhibit E falsely states or implies that Kohn had a right to add collection fees to the debt when it was barred by law from doing so.

117.     By representing additional "Post Charge-Off Fees Accrued," Exhibit E attempts to collect an amount not permitted by law and threatens to enforce a right that Kohn knew or had reason to know does not exist.

118.     Defendant Kohn therefore violated15 U.S.C. §§ 1692e, 1629e(2)(A), 1692e(10), 1692f, and 1692f(1).

### COUNT IV - WCA

119.     Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

120.     Count IV is brought against Defendant Kohn and Midland Funding.

121.     Count IV is brought on behalf of Plaintiff Johnson.

122.     By representing additional "Post Charge-Off Fees Accrued," Exhibit E threatens to enforce a right that Kohn and Midland Funding knew or had reason to know does not exist.

123. Defendants therefore violated Wis. Stat. § 427.104(1)(j).

## COUNT V - FDCPA

124. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

125. Count V is brought against Defendant MCM.

126. Count V is brought on behalf of Plaintiff Johnson.

127. Exhibit F misstates the actual maximum discount available based on the settlement offers included in the letter.

128. Defendant MCM therefore violated 15 U.S.C. §§ 1692e, 1629e(2)(A), and 1692e(10).

## CLASS ALLEGATIONS

129. Plaintiffs bring this action on behalf of four proposed classes.

130. Class I consists of (a) all natural persons in the State of Wisconsin, (b) who were the subject of one or more residency verification letters in the form represented by Exhibit A to the Complaint in this action, (c) which were printed on Kohn's law firm letterhead and sent to a third party, (d) and which include the representation that "all information will be kept completely confidential," (e) seeking to collect a debt for personal, family, or household purposes, (f) between October 27, 2016 and October 27, 2017, inclusive, (g) that was not returned by the postal service.

131. Class II consists of (a) all natural persons in the State of Wisconsin, (b) who were who were the subject of one or more residency verification letters in the form represented by Exhibits B-D to the Complaint in this action, (c) seeking to collect a debt for personal, family, or

18

household purposes, (d) between October 27, 2016 and October 27, 2017, inclusive, (e) that was not returned by the postal service.

132.     Class III consists of (a) all natural persons in the State of Wisconsin, (b) who were sent a collection letter from Kohn in the form represented by <u>Exhibit E</u> to the Complaint in this action, (c) seeking to collect a debt for personal, family, or household purposes, (d) between October 27, 2016 and October 27, 2017, inclusive, (e) that was not returned by the postal service.

133.     Class IV consists of (a) all natural persons in the State of Wisconsin, (b) who were sent a collection letter from MCM in the form represented by <u>Exhibit F</u> to the Complaint in this action, (c) seeking to collect a debt for personal, family, or household purposes, (d) between October 27, 2016 and October 27, 2017, inclusive, (e) that was not returned by the postal service.

134.     The classes are so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of each of the classes.

135.     There are questions of law and fact common to the members of each of the classes, which common questions predominate over any questions that affect only individual class members.  The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e, 1692e(10), and 1692c(b), and 1692b(5).

136.     Plaintiffs' claims are typical of the claims of the respective class members.  All are based on the same factual and legal theories.

137.     Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

138.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

139.    Plaintiffs hereby demand trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and

the Class and against Defendant for:

(a)    actual damages;

(b)    statutory damages;

(c)    attorneys' fees, litigation expenses and costs of suit; and

(d)    such other or further relief as the Court deems proper.

Dated:  October 27, 2017

                                    **ADEMI & O'REILLY, LLP**

                              By:    s/ John D. Blythin
                                    John D. Blythin (SBN 1046105)
                                    Mark A. Eldridge (SBN 1089944)
                                    Jesse Fruchter (SBN 1097673)
                                    Ben J. Slatky (SBN 1106892)
                                    3620 East Layton Avenue
                                    Cudahy, WI 53110
                                    (414) 482-8000
                                    (414) 482-8001 (fax)
                                    jblythin@ademilaw.com
                                    meldridge@ademilaw.com
                                    jfruchter@ademilaw.com
                                    bslatky@ademilaw.com